**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

SECURITIES AND EXCHANGE COMMISSION,)
)
               Plaintiff,    )   **CIVIL ACTION**
)
v.   )   No. 08-1278-MLB
)
DELTA ONSHORE MANAGEMENT, LLC;   )
JERRY P. JACKSON; PETER J. BROOKS;   )
DANIEL COHEN and JASON HERTZ,   )
)
               Defendants.  )
)
and   )
)
ONSHORE LEASING, LLC and   )
PJB ENTERPRISES, INC.   )
)
               Relief   )
               Defendants  )
)

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Receiver Edward Nazar's first amended motion to disgorge investor funds, avoid fraudulent transfers, impose a constructive trust, and accounting from Arrowhead Holding, LLC ("Arrowhead") and memorandum in support (Doc. 137) and Arrowhead's response (Doc. 142).

2. Receiver Edward Nazar's first amended motion to disgorge investor funds, avoid fraudulent transfers, impose a constructive trust, and accounting from Frontier Oil & Gas, LLC ("Frontier") and memorandum in support (Doc. 138) and Frontier's response (Doc. 141).

**I. BACKGROUND**

This is a civil securities fraud enforcement action brought by

the Securities and Exchange Commission ("SEC"). The SEC brings this action against Delta Onshore Management, LLC, ("Delta") and various officers and related entities. The SEC alleged in related Case No. 08-1159 that Russell Kilgariff and Michael McNaul "fraudulently raised approximately $156,000,000 from over 1,300 investors in the United States and Canada through the use of twenty-two purported oil and gas related equipment 'joint ventures.'" (Doc. 138 at 3-4). Delta is alleged to have participated in these fraudulent joint ventures.

On June 29 and July 16, 2008, Jackson and Delta paid Frontier a total of $35,000. On February 6, 2008, Delta paid Arrowhead $14,000. Arrowhead is owned by Pamela Kilgariff.[1] Frontier is owned by Roger Kilgariff.[2] Both Pamela and Roger Kilgariff are family members of Russell Kilgariff.

Receiver first moved to disgorge on March 16 and 17, 2009. (Docs. 74, 79). The court stated in its June 26 letter that it did not know whether receiver was claiming Arrowhead and Frontier were nominal defendants or nonparties who participated in the fraudulent scheme. (Doc. 123). The parties were to address these issues and provide information regarding who owned and/or worked for Arrowhead and Frontier and what legitimate claims they had to the funds, if any.

**II. ANALYSIS**

"Disgorgement is by nature an equitable remedy as to which a trial court is vested with broad discretionary powers." United States

---

[1] Pamela Kilgariff is Russell Kilgariff's wife, sister, or sister-in-law. (Doc. 137 at 9).

[2] Roger Kilgariff is Russell Kilgariff's brother. (Doc. 138 at 9).

S.E.C. v. Maxxon, Inc., 465 F.3d 1174, 1179 (10th Cir. 2006) (quoting Arnold S. Jacobs, Disclosures & Remedies Under the Securities Laws § 20:109 (footnote omitted)). Disgorgement of profits is used to deter fraudulent schemes or material misrepresentations or omissions in the offer or sale of securities. S.E.C. v. Seaforth Meridian, Ltd., No. 06-4107-RDR, 2007 WL 3238584, at *7 (D. Kan. Nov. 1, 2007).

> "A nominal defendant is not a real party in interest because he has no legitimate claim to the disputed property." (Citations omitted). Although the paradigmatic example of a nominal defendant is "a bank or trustee [that] has only a custodial claim to the property," (citations omitted), the term is broad enough to encompass persons who are in possession of funds to which they have no rightful claim, such as money that has been fraudulently transferred by the defendant in the underlying securities enforcement action.

S.E.C. v. Ross, 504 F.3d 1130, 1141 (9th Cir. 2007); S.E.C v. Cherif, 933 F.2d 403, 414 n. 11 (7th Cir. 1991). Because nominal defendants are not real parties in interest, there is no subject matter jurisdiction requirement. S.E.C. v. Colello, 139 F.3d 674, 676 (9th Cir. 1998).

Receiver claims that Frontier and Arrowhead received a total of $35,000 and $14,000, respectively, from defendants Jackson and Delta as a result of a fraudulent scheme. Receiver contends that these payments were proceeds from investor funds. Arrowhead and Frontier admit that they received the funds from Delta and Jackson, but deny that they received the funds without consideration. Nonetheless, they do not state their legitimate claims to the funds.

The court finds that Arrowhead and Frontier are nominal defendants who have been unjustly enriched by funds obtained through defendants' fraudulent ventures. There is no evidence in the record

of services rendered to either Delta or Jackson to justify payment.[3] Compare Ross, 504 F.3d at 1142 (finding that the nonparty received compensation in return for services rendered). Therefore, Arrowhead must disgorge $14,000 and Frontier must disgorge $35,000 to receiver.

**III. CONCLUSION**

For the foregoing reasons, receiver's amended motions to disgorge investor funds (Docs. 137, 138) are granted. Arrowhead is ordered to account to receiver all funds directly or indirectly received from Delta. The $14,000 and any other payment or property acquired with the payment received must be disgorged and/or held in constructive trust in favor of receiver. All acquired property, if any, is receivership property and should be sold for the benefit of the receivership creditors.

Frontier is ordered to account to receiver all funds directly or indirectly received from Delta and Jackson. The $35,000 and any other payment or property acquired with the payment received must be disgorged and/or held in constructive trust in favor of receiver. All acquired property, if any, is receivership property and should be sold for the benefit of the receivership creditors.

IT IS SO ORDERED.

Dated this __25th__ day of November 2009, at Wichita, Kansas.

s/ Monti Belot  
Monti L. Belot  
UNITED STATES DISTRICT JUDGE

---

[3]Arrowhead and Frontier responded by letter dated July 6, 2009, that the "payments [were] for services rendered related to the drilling rigs." However, they did not restate this in their responses to receiver's motions. Nor are there any affidavits or documentation to support Arrowhead and Frontier's statement.